ABBASID, INC., doing business as Azhar's Oriental Rugs, Plaintiff–Appellant

v.

BANK OF AMERICA, N.A., Defendant–Appellee.

No. 09–40843.

United States Court of Appeals, Fifth Circuit.

Sept. 14, 2010.

Katie Klein, William Daniel Mount, Jr., Dale & Klein, McAllen, TX, for Plaintiff–Appellant.

Rupert F. Barron, Hirsch & Westheimer, Houston, TX, for Defendant–Appellee.

Before GARZA and BENAVIDES, Circuit Judges, and CRONE, District Judge.[*]

PER CURIAM: [**]

Appellant Abbasid, Inc. ("Abbasid") appeals the district court's order denying its motion to compel arbitration pursuant to an arbitration agreement between Abbasid and Appellee Bank of America, N.A. ("BOA"). The decision of the district court is affirmed for the following reasons:

Abbasid initiated litigation against BOA in state court for breach of contract,

---

[*] District Judge for the Eastern District of Texas, sitting by designation.

fraud, negligence, and violations of the Uniform Commercial Code, alleging that BOA wrongfully processed and paid unauthorized checks and debit card charges on its account. BOA removed the action to federal district court, and Abbasid allowed the case to progress in that forum for over one year without invoking the arbitration agreement. During this time, Abbasid engaged in significant pre-trial activity, including filing a motion to remand, organizing a case management plan, serving disclosures, and engaging in discovery and motions practice. BOA expended time and resources removing the case to federal court, defending against the motion to remand, propounding and responding to discovery requests, and filing and defending against motions to compel. Furthermore, the timing of Abbasid's motion to compel arbitration virtually assured that the district court would not rule on the motion before sufficient discovery had been conducted to allow BOA to file a motion for summary judgment.

The district court did not err in determining that Abbasid substantially invoked the judicial process by filing suit against BOA and proceeding with litigation for over one year without objection. The court, likewise, did not err in determining that Abbasid's actions prejudiced BOA in terms of delay, expense, and legal position. Under these circumstances, the district court correctly determined that Abbasid waived its right to arbitrate its claims. Accordingly, the district court's order denying Abbasid's motion to compel is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.